UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                            :
        - against -                         :         13 CR. 587 (RMB)
                                            :
JOSE COSTE,                                 :         **DECISION & ORDER**
                        Defendant.          :
------------------------------------------------------------x

This Decision & Order resolves Defendant Jose Coste's pro se motion for compassionate release, dated October 13, 2021 ("Motion"). For the reasons stated below, Mr. Coste's Motion is respectfully denied.[1]

## I. Background

On August 1, 2014, Coste, who at the time was 26 years of age, pleaded guilty to an information, which included robbery in violation of 18 U.S.C. § 1951. Sentencing Tr. at 6:4–25, 7:1–7; PSI at ¶¶ 1–20. On March 16, 2017, the Court sentenced Coste to 60 months of imprisonment, followed by 5 years of supervised release. Sentencing Tr. at 7:9–11.

Coste's term of supervised release began in 2017. Id. at 7:14–15. On February 9, 2021, Coste pleaded guilty to three violations of supervised release, relating to his use of opiates and cocaine, and failure to report to the Probation Department. Id. at 2:15–20. When Coste failed to appear before the Court for a hearing on March 16, 2021 and a conference on April 7, 2021, a bench warrant for his arrest was issued. Id. at 15:1. On August 19, 2021, the Court sentenced Coste to 7 months of imprisonment, to be followed by 4 years of supervised release. Id. at 5:18–10, 34:5–6, 10–11.

---

[1] **Any issues or arguments raised by the parties but not specifically addressed in this Decision & Order have been considered by the Court and rejected.**

1

Coste is currently serving his 7-month term of incarceration at FCI Ray Brook. Inmate Database, BOP. He has served approximately 71% of his sentence and his projected release date is March 12, 2022. Id.

## II. Motion for Compassionate Release

In his Motion, Coste contends that: **(i)** he "has exhausted his administrative remedies with the Warden at MDC Brooklyn[.]" Def. Mot. at 1; **(ii)** he "is a high-risk [COVID-19] inmate with [a] Body Mass Index ('BMI') score above the CDC standard as highly vulnerable to short- and long-term side effects of infection from COVID-19 and the rapidly mutating variants, " which is an "'extraordinary and compelling reason[]' typically associated with granting [compassionate release] motions[.]" Id. at 6; and **(iii)** without Coste's early release, "there is a high probability that an irreversible determination will be made with [his children's] long-term custody . . . ." Id. at 7.

On November 23, 2021, the Government filed its opposition to the Motion. At the Court's request, the Government also submitted Coste's Bureau of Prisons ("BOP") medical records, dated December 13, 2021. The Government argues that: **(i)** Coste "failed to exhaust his administrative remedies" because he "did not raise the parental rights claim in [his request to the MDC Warden for compassionate release], and accordingly, he has not exhausted his parental rights claim." Gov't Opp. at 3; **(ii)** Coste "has not met his burden of demonstrating extraordinary and compelling circumstances warranting his immediate release." Id. at 7. Moreover, the Government points out that Coste "has already had COVID-19 and recovered so it is unlikely he will be at a high risk of contracting COVID-19 or a severe case of COVID-19." Id.; **(iii)** that with respect to any "risk that his parental rights will be terminated, . . . [Coste] will have approximately five months to engage in any programs and services in order to regain custody of his children." Id. at 8. The Government also points out that the possibility that Coste's children might be placed in foster care was raised during his August 19, 2021 sentencing. Id.; and **(iv)** "the Section 3553(a) factors . . . weigh against

2

granting [Coste's] motion. . . . [T]he defendant participated in numerous robberies and burglaries [and] [d]uring at least two of these robberies, Coste or a co-conspirator brandished a gun at a victim and threatened to kill a victim. . . . [T]he defendant repeatedly violated the terms of his supervised release. . . . [and] [w]hen the defendant finally admitted to this conduct before this Court, he went missing and did not appear for his sentencing or subsequent court conferences [and] was found only after the United States Marshals arrested the defendant pursuant to a bench warrant." Id.

### III.   Legal Standard

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

"Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." *United States v. Williams-Bethea*, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020).

"When considering an application under § 3582(c)(1)(A)(i), a court may reduce a defendant's sentence only if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Beniquez*, 2021 WL 260225, at *2 (S.D.N.Y. Jan. 26, 2021). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). The district court considers "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

The Section 3553(a) "factors and the danger [a defendant] poses to the community override any extraordinary and compelling reasons justifying his release." *United States v. Serrano*, 2020 WL 5259571, at *4 (S.D.N.Y. Sept. 3, 2020); *United States v. Roney*, 833 F. App'x 850, 853 (2d Cir. 2020).

"Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release." *United States v. Wedd*, 2021 WL 1338754, at *2 (S.D.N.Y. Apr. 9, 2021). And, where a defendant has "refused the COVID-19 vaccine . . . courts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons." *United States v. Robinson*, 2021 WL 1565663, at *3 (S.D.N.Y. Apr. 21, 2021).

### IV. Medical Findings

The Court finds as follows:

1. Coste has a body mass index ("BMI") of 31. See Med. Records at 1. A BMI of "30.0 or higher [] falls within the obesity range." Defining Adult Overweight & Obesity, CDC (June 7, 2021), https://www.cdc.gov/obesity/adult/defining.html. CDC guidance indicates that "obesity . . . can make you more likely to get severely ill from COVID-19. The risk of severe COVID-19 illness increases sharply with elevated BMI." People with Certain Medical Conditions, CDC (Dec. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

2. On December 2, 2021, FCI Ray Brook medical personnel offered to administer the COVID-19 Moderna vaccine to Coste. He refused vaccination. See Med. Records at 65.

3. As of February 7, 2022, there were 10 active COVID-19 cases at FCI Ray Brook out of a total inmate population of 839. See COVID-19 Cases, BOP. As of February 7, 2022, 539 FCI Ray Brook inmates had been fully vaccinated. See COVID-19 Vaccine Implementation, BOP.

4. Before his current term of incarceration began in 2021, it appears that Coste was infected with and recovered from COVID-19. See Def. Mot. at 9.

V.     **Analysis**

### Failure to Exhaust Administrative Remedies

On October 7, 2021, Coste emailed a request to the MDC Warden for compassionate release on the basis that he "qualif[ies] as an obese person under CDC standards with a Body Mass Index over 30." See Gov't Opp. Ex. A. Coste's request does not appear to seek relief based upon the possibility that his parental rights might be terminated. See id.

The Government states that it "has not been informed that a response [from the MDC Warden] was given to Coste," but argues that Coste's failure to include his concern that he will lose his parental rights in his request, suggests that his claim is not exhausted. Id. at 2–6.

The Court assumes, without deciding, that Coste exhausted all of his administrative remedies.

### No Extraordinary and Compelling Circumstances

In considering motions for compassionate release, "[w]hether such 'extraordinary and compelling reasons exist . . . is the threshold question." *United States v. Felix*, 2022 WL 281279, at *3 (S.D.N.Y. Jan. 31, 2022). Coste has not shown that extraordinary and compelling circumstances exist supporting his early release.

For one thing, Coste may not be at serious COVID-19 risk because he appears to have had COVID-19 and recovered before his current term of incarceration. Def. Mot. at 9. "Where a defendant has contracted and recovered from coronavirus, courts in this district have declined to find extraordinary and compelling factors favoring release." *Wedd*, 2021 WL 1338754, at *2. Coste's "risk of reinfection is extremely low." *United States v. Rodriguez-Francisco*, 2021 WL 326974, at *2 (S.D.N.Y. Feb. 1, 2021). At FCI Ray Brook, 539 inmates had been vaccinated as of February 7, 2022. See COVID-19 Cases, BOP; *see also United States v. Frame*, 2021 WL

5

1338822, at *3 (S.D.N.Y. Apr. 8, 2021) ("With fellow inmates now being vaccinated, [defendant's] risk of reinfection is diminishing." (citation and alterations omitted)).

For another thing, Coste refused the Moderna COVID-19 vaccine in December 2021. See Med. Records at 65. "In declining vaccination, [a person may be said to have] declined the opportunity to reduce his risk exposure to COVID-19 dramatically." *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021). When a defendant has "refused the COVID-19 vaccine . . . courts in this district and elsewhere have nearly uniformly denied compassionate release sought for medical reasons." *Robinson*, 2021 WL 1565663, at *3.

Coste's desire to regain custody of his children, while understandable, does not equate to a basis for compassionate release. *See United States v. Corin*, 2020 WL 5898703, at *4 (S.D.N.Y. Oct. 5, 2020). Coste argues that without early release there is a possibility he will lose his parental rights. He states that "If a child remains in foster care for 15 of the most recent 22 months, there is an obligation under the Adoption and Safe Families Act to 'file a petition to terminate parental rights,' unless there is a legally acceptable reason for not doing so." Def. Mot. at 7. The Government responds that, upon his scheduled release in March 2022, Coste "will have approximately five months to engage in any programs and services in order to regain custody of his children." Gov't Opp. at 8. The Government further notes that the possibility that Coste's children might be placed in foster care was discussed at his sentencing, when his counsel noted that "a sentence of imprisonment threatens to send Mr. Coste's children into foster care." Sentencing Tr. at 9:14–16. The Court concluded that Coste "left very little support or possibility of a non-incarcerat[ion] sentence" and "fail[ed] to take advantage of all the resources that ha[d] been sent [his] way." Id. at 32:19–21, 34:5–6. Moreover, upon his scheduled release in March 2022, Coste will likely be able to take measures to obtain custody of his children. See Gov't Opp.

at 8; see also Sentencing Tr. at 17:11–12 (defense counsel indicated that Coste's children were in fact residing with other members of Coste's family). "[Coste] cites no law—nor can he—that stands for the proposition that a desire to be in your child's life constitutes an extraordinary and compelling reason for reduction of sentence." *Corin*, 2020 WL 5898703, at *4.

### The Section 3553(a) Factors Do Not Support Coste's Early Release

A compassionate release reduction in Coste's sentence is not warranted. *See United States v. Whitfield*, 2021 WL 5771768, at *2 (S.D.N.Y. Dec. 5, 2021); *see also Serrano*, 2020 WL 5259571, at *4. Quite apart from Coste's extensive criminal history, Coste has not worked hard enough to turn his life around while on supervised release and to take sufficient advantage of all the services made available to him on supervision. Coste pleaded guilty to three violations of supervised release and failed without excuse to appear before the Court on March 16, 2021 and on April 7, 2021. Dkt. 166. The Court was constrained to issue a bench warrant for Coste's arrest. See Sentencing Tr. at 14:23–25, 15:1–2.

Regrettably, Coste's early release would be inconsistent with the Section 3553(a) factors. Violations of supervised release are often "evidence of [an] inability to obey the law, an inability to adhere to any terms of release . . . and, therefore, [suggest] that he poses a danger to the public." *United States v. Sanchez*, 2020 WL 2787654, at *8 (S.D.N.Y. May 29, 2020); *see also United States v. Jackson,* 2020 WL 6547581, at *2 (S.D.N.Y. Nov. 5, 2020) (where early release "would not suffice to protect the public from further crimes by Defendant," when he "began disregarding his obligations on supervised release."). "[E]arly release would hardly 'promote respect for the law' or 'afford adequate deterrence to criminal conduct,' § 3553(a)(2)." *United States v. Givens*, 2020 WL 4699042, at *4 (S.D.N.Y. Aug. 13, 2020) (alterations omitted).

## VI.     Conclusion & Order

For the reasons stated above, Coste's Motion for Compassionate Release [Dkt. 187] is respectfully denied.

Dated: New York, New York
February 8, 2022

_____
**RICHARD M. BERMAN, U.S.D.J.**